```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OLU-SOLO LEON,                                            :
                                                          :
                    Plaintiff,                            :     ORDER
                                                          :
            -v-                                           :     23-CV-10152 (LJL) (JLC)
                                                          :
GROTTO RESTAURANT AND PIZZERIA,                           :
LLC, et al.,                                              :
                                                          :
                    Defendants.                           :
-----------------------------------------------------------------X
```

<pre>
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2024
</pre>

**JAMES L. COTT, United States Magistrate Judge.**

WHEREAS, the parties came before me for a settlement conference today and reached a settlement in principle; and

WHEREAS, the parties agreed to consent to my jurisdiction over this case under 28 U.S.C. § 636(c) so that their settlement agreements may be reviewed by me given my familiarity with their terms and signed a consent form at the end of the settlement conference;

IT IS HEREBY ORDERED that the parties are directed to file a joint letter motion along with their fully executed settlement agreements **no later than May 24, 2024** to request court approval. The letter motion should explain why the proposed settlement is fair and reasonable and otherwise complies with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties are directed to this Court's rulings in *Martinez v. Avalanche Construction Group Inc.*, No. 20-CV-11065 (JLC), 2021 WL 5001415 (S.D.N.Y. Oct. 28, 2021) (unreasonable restrictions on use of social media to publicize settlement

stricken); *Cruz v. Relay Delivery, Inc.*, No. 17-CV-7475 (JLC), 2018 WL 4203720 (S.D.N.Y. Sept. 4, 2018) (no reemployment provision impermissible and provision related to communication with media should not be overly restrictive); *Rivera v. Relay Delivery, Inc.,* No. 17-CV-5012 (JLC), 2018 WL 1989618 (S.D.N.Y. Apr. 26, 2018) (release that was broader and thus more favorable to defendants than plaintiff's narrower release was impermissible); *Howard v. Don Coleman Advertising, Inc.*, No. 16-CV-5060 (JLC), 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017) (any mutual non-disparagement provision must include carve-out for truthfulness); and *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) (regarding impermissible confidentiality provisions and the proper scope of mutual general releases), for further guidance as to permissible and impermissible terms.

For recent settlements the Court has approved, the parties are directed to review *Laxa v. CIM Group LP,* No. 23-CV-5333 (JLC), 2024 WL 1422813 (S.D.N.Y. Mar. 13, 2024); *Chuchuca v. Fitzcon Construction G.C.*, No. 20-CV-2178 (JLC), 2023 WL 6541776 (S.D.N.Y. Sept. 15, 2023); and *Mauricio v. Tiramisu Restaurant LLC*, No. 22-CV-2500 (JLC), 2022 WL 6806518 (S.D.N.Y. Sept. 30, 2022).

Finally, as discussed at the settlement conference, plaintiff's counsel is directed to file an amended complaint **by May 1, 2024** adding Juan Castillo as a plaintiff in this case, on consent.  As Castillo's claims were resolved at the settlement conference and will be the subject of the settlement agreements, defendants are not required to file an answer to the amended complaint.

**SO ORDERED.**

Dated: April 24, 2024
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge